IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE ESTATE OF ÁNGEL BERGANZO COLÓN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOSHUA M. AMBUSH, <br><br> Defendant. | CIVIL NO.: 10-1044 (GAG) |

**OPINION AND ORDER**

On January 25, 2010, plaintiffs Efraín Berganzo, Rubén Berganzo, Noemí Rodríguez Robles, Eliezer Rodríguez Robles, Ángel Rodríguez Robles, Ruth D. Rodríguez, and María M. Rodríguez Robles filed a complaint against Joshua M. Ambush in the case at bar. (Docket No. 1).[1] On October 18, 2010, the court ordered counsel David Efron to inform by October 22, 2010 which plaintiffs he represents. (Docket No. 36). On October 22, 2010, counsel Efron file a motion indicating that he represents only two plaintiffs: Efraín Berganzo and Noemí Rodríguez Robles. (Docket No. 42 at ¶¶2-3). Furthermore, counsel Efron informed that Rubén Berganzo has granted a power of attorney to his brother Efraín Berganzo to represent him "in all matters regarding the Estate of Ángel Berganzo Colón." (Docket No. 42 at ¶2). Likewise, counsel Efron advised that Eliezer Rodríguez Robles, Ángel Rodríguez Robles, and Ruth D. Rodríguez Robles have granted Noemí Rodríguez

---

[1] The complaint alleges that the plaintiffs are members of either the Estate of Ángel Berganzo Colón or the Estate of Antonio Rodríguez Morales. Clearly, however, the estates by themselves cannot constitute plaintiffs. "Under Puerto Rican law a succession by itself does not have capacity to sue or to be sued and has no existence as a juridical person. If a succession intends to sue or is to be sued, the names of the persons composing the same must be expressed individually and in detail." Santos' Estate v. U.S., 525 F.Supp. 982, 984 (D.P.R. 1981) (citations omitted).

Robles a power of attorney to represent them "in all matters regarding the Estate of Antonio Rodríguez Morales." (Docket No. 42 at ¶3).

The motion filed by counsel Efron is silent as to plaintiff María M. Rodríguez Robles. Only an untranslated retainer agreement has been submitted (in a supplement filed more than a month after the deadline set by the court) with what appears to be the signature of said plaintiff. (Docket No. 57-1). It is well-settled that the court will not consider materials submitted in a language other than English without a certified translation. See Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 24 (1st Cir. 2006) ("In the past, we have refused to consider materials submitted to the court in any language other than English, and we continue to do so."). Therefore, as of today María M. Rodríguez Robles is *pro se.*[2]

With respect to Rubén Berganzo, his signature appears nowhere in the retainer agreements. (Docket No. 57-1 and 57-2). Rubén Vivas Ruiz, not Rubén Berganzo, appears to have signed one of the untranslated retainer agreements. Once again, the court will not consider untranslated documents and even less so as to Rubén Berganzo when he does not appear to have signed the retainer agreement. Furthermore, a copy of the power of attorney referenced by counsel Efron has not been submitted to place the court in a position to evaluate whether authority to file the instant lawsuit on behalf of Rubén Berganzo has been conferred.[3] Hence, as of today, Rubén Berganzo is *pro se.*

---

[2] On August 2, 2010, the court issued the following warning: "Plaintiff's failure to obtain counsel and/or diligently prosecute this case without good cause my lead to sanctions and/or dismissal." (Docket No. 21).

[3] The court, in reaching this conclusion, does not rely in various cases and legal commentaries cited by the defendant without the required certified translation. (See Docket No. 55 at 9-10 Dávila v. Vélez Case No. KLAN200901259, 2010 PR App. LEXIS 1964 (Puerto Rico Court of Appeals) (May 25, 2010); Barreda v. Barreda, Case No. KLCE200601674, 2007 PR App. LEXIS 980 (Puerto Rico Court of Appeals) (April 30, 2010); XXI Manuel Albaladejo (ed.) Comentarios al Código Civil y Compilaciones Forales, at pages 473-474 (Madrid 1986)).

With regards to Eliezer Rodríguez Robles, Ángel Rodríguez Robles, and Ruth D. Rodríguez Robles, their signatures appear to have been submitted in the retainer agreements filed (Docket No. 57-1 and 57-2), but once again, there are no certified translations as to these retainer agreements and copies of the powers of attorney have not been filed.  Therefore, as of today these plaintiffs are *pro se* as well.

In sum, the end result of a plethora of motions (Docket Nos. 42, 46, 49, 50, 51, 54, 55, 57, 59) on an issue that should have been easily clarified at the inception of this case is that only two plaintiffs are represented by counsel Efron:  Efraín Berganzo and Noemí Rodríguez Robles.

WHEREFORE, in view of the foregoing:

- Plaintiffs' reply filed on October 29, 2010 (Docket No. 49) was submitted without prior leave to the court.  Therefore, it shall be STRICKEN FROM THE RECORD.

- Defendant's motion to strike (Docket No. 59) is GRANTED in view of the fact that plaintiffs' "supplement" (Docket No. 57) was filed without prior leave from the court.  Therefore, the "supplement" (Docket No. 57) shall be STRICKEN FROM THE RECORD.

- Defendant's request to quash the notice for the taking of his deposition on December 22, 2010 (Docket No. 63) is GRANTED.

- Plaintiffs' motion to compel the appearance and testimony of defendant Joshua M. Ambush at deposition (Docket No. 79) is DENIED WITHOUT PREJUDICE.  Counsel Efron is granted until March 18, 2011 to file copies of the powers of attorney previously mentioned (Docket No. 42) with certified translations if the same are not in English.  Likewise, counsel Efron shall file by March 18, 2011 the certified translations of the previously discussed retainer agreements  (Docket No. 57-1 and 57-2).  Once the matter of plaintiffs' legal

representation has been clarified, plaintiffs may refile their motion to compel, if necessary.

- In light of the previous ruling, plaintiffs' "Urgent Motion to Compel" (Docket No. 82) is MOOT.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of March 2011.

                                                  s/ Marcos E. López
                                                  U.S. MAGISTRATE JUDGE