IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

THE ESTATE OF ANGEL BERGANZO COLON, et al.

    Plaintiffs,

v.

JOSHUA M. AMBUSH,

    Defendant.

CIVIL NO. 10-1044 (GAG)

**MEMORANDUM OPINION & ORDER**

    The Estate of Angel Berganzo-Colon, represented by Efrain and Ruben Berganzo, and the Estate of Antonio Rodriguez-Morales, represented by Noemi Rodriguez-Robles, Eliezer Rodriguez-Robles, Angel M. Rodrgiuez Robles, Maria M. Rodriguez-Robles, and Ruth D. Rodriguez-Robles (collectively "Plaintiffs"), filed this cause of action for the recovery of $2,000,000 in attorney's fees wrongfully paid to defendant Joshua Ambush ("Defendant"). Presently before the court is Defendant's motion for summary judgment (Docket No. 139).

    Plaintiffs represent the Estates of Angel Berganzo-Colon and Antonio Rodriguez-Morales ("the Decedents"). The Decedents were killed during a terrorist attack in the State of Israel on May 30, 1972. On June 11, 2002 and July 23, 2002, the individual plaintiffs entered into agreements with the American Center for Civil Justice (the "Center"), whereby the Center would undertake to secure counsel to commence litigation on their behalf ("Lybia litigation"). These agreements stated that, in consideration for the Center's provision of all expenses, costs, legal fees and disbursements necessary to pursue the Lybia litigation, the Plaintiffs pledged to pay the Center 20% of the net proceeds recovered from the litigation. On April 21, 2006, Defendant filed the complaint in the Lybia action in the U.S. District Court for the District of Columbia. On August 14, 2008, Lybia entered into a settlement agreement with the United States, whereby it established a fund in the amount of $1.8 billion dollars, to be administered by the U.S. Department of State, to compensate victims of Lybian-sponsored attacks. The Estates represented by Plaintiffs were each entitled to

**Civil No. 10-1044 (GAG)**

$10,000,000 of said sum.

In December 2008, Defendant traveled to Puerto Rico and requested that Plaintiffs sign a "retainer agreement," retroactive to July 23, 2002, whereby Plaintiffs would pay Defendant an additional 10% of their proceeds for past and future services rendered by Defendant. This retainer agreement also terminated certain powers of attorney that had been granted to Attorney Michael Engelberg of the Center. Plaintiffs allege that Defendant, through misrepresentation and nondisclosure, led them to believe that they needed to sign these additional retainer agreements in order to obtain their portion of the settlement funds that had been set aside by the U.S. Department of State.

Under Puerto Rico's contract law, "[d]olus or 'dolo' is a form of contractual deceit that can serve to invalidate consent to an otherwise valid contract or compromise." Kellogg USA v. B. Fernandez Hermanos, Inc., 2010 WL 376326, *12 (D.P.R. Jan. 27, 2010). Dolo can be alleged in one of two ways: (1) in the formation of a contact, or (2) in the performance of a contractual obligation. Marquez v. Torres Campos, 111 P.R. Dec. 854, 863 (1982). Deceit in the formation of a contract occurs "when by words or insidious machinations on the part of one of the contracting parties the other is induced to execute a contract which without them he would not have made." P.R. Laws Ann. tit. 31, § 3408. Plaintiffs assert a cause of action under Puerto Rico's dolo statute. P.R. Laws Ann. tit. 31, § 3404.

In considering Defendant's motion for summary judgment (Docket No. 139), the court finds that genuine issues of material fact preclude the court from ruling on this issue as a matter of law. See Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994) (recognizing that "the existence of at least one fact issue which is both 'genuine' and 'material'" can preclude summary judgment) (citations omitted). Plaintiffs have established factual issues regarding Defendant's alleged misrepresentation or omission of material facts at the time he requested that Plaintiffs sign the retainer agreements. In support of their claims, Plaintiffs present deposition testimony and sworn declarations from Noemi Rodriguez, Efrain Berganzo Cruz, and Angel Rodriguez-Robles. (See

**Civil No. 10-1044 (GAG)**

Docket Nos.; 140-8 at 23, L. 13-18; 140-7 at 132, L. 16-22; 140-11 at 84, L. 11-13; 151-1; 151-2.) These highlighted segments evince that Defendant told Plaintiffs that their settlement funds would either never be received or would be delayed if they refused to sign the retainer agreements. Furthermore, it is undisputed that by December 15, 2008 –the date of the meeting when the retainer agreement was signed– all claims against Lybia had been settled by the United States Department of State and a presidential order had been issued regarding the disbursement of said funds. (See Docket Nos. 137 at 24, ¶¶ 9-12; 140-4 at 5.) Plaintiffs have also presented admissible evidence that Defendant was being compensated by the Center for his work on the Libya litigation, and therefore, payment for Defendant's legal services was included in the 20% that was paid to the Center. (See Docket No. 154-2 at 73.) In light of these submissions, the court finds that there are material factual disputes at the heart of Plaintiffs' dolo claims. Accordingly, the court **DENIES** Defendant's motion for summary judgment (Docket No. 139.)

**SO ORDERED.**

In San Juan, Puerto Rico this 29th day of August, 2011.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge