IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| The Estate of Angel Berganzo Colon represented by Efrain and Ruben Berganzo, et. al, <br><br> Plaintiffs, <br><br> v. <br><br> Joshua M. Ambush, <br><br> Defendant. | CIVIL NO.10-01044 (GAG) |

## ORDER

Upon review and consideration of the parties' memoranda regarding the issue of "dolo" (Docket Nos. 203 and 204) the court rules as follows:

1) The court shall instruct the jury as to "dolo" using a "clear and convincing evidence" standard. The court recognizes the Rekomdiv opinion issued by the First Circuit clarifies and holds that "dolo" need only be proven by preponderance of the evidence. Portugues-Santana v. Rekomdiv Intl., --- F.3d ---, 2011 WL 4390047 at *3 (1st Cir. Sep. 22, 2011). This ruling was issued last Friday –at a point in which all the witnesses, save one, had testified in the trial at bar.

The court finds the Rekomdiv "dolo" rule –which is an interpretation of state law as mandated by the Erie doctrine– should not be applied retroactively, this case included. Plaintiffs argue the "dolo" standard of proof under Rekomdiv was clear at the time of this trial. The court disagrees. As Rekomdiv recognizes, the district court below (i.e., the

undersigned) noted the inconsistent rulings of the Puerto Rico Supreme Court, applying both the "clear and convincing" and "preponderance" standards. 2011 WL 4390047 at *3-4. As a matter of fact, and at the commencement of trial, the undersigned –without objection by plaintiffs– instructed the jury on the clear and convincing evidence standard. More so, in the Joint Proposed Pretrial Order (Docket No. 137), plaintiffs did not request the court apply the preponderance standard.[1]

Given that the standard of proof for a "dolo" claim is purely a state law matter, it is ultimately the reasoning of the Puerto Rico Supreme Court (or the First Circuit, or this Court in default under Erie) that dictates whether the Rekomdiv rule is retroactive. In this case, the court predicts the Supreme Court would not apply Rekomdiv retroactively. Retroactivity is determined by applying a tripartite test. See Quiles Rodriguez v. Superintendente de la Policia, 139 D.P.R. 272, 277 (1995). This court has applied said test, and, after weighing the factors, decides the Supreme Court, in this particular instance, would not have applied Rekomdiv retroactively. The parties, until the close of jury trial, relied on a clear and convincing standard for "dolo." More so, the jury was preliminarily instructed of this standard. It will not benefit the administration of justice to apply the new rule retroactively to this case, which both parties prepared to try and have tried under the clear and convincing standard.

2. Should the jury find "dolo" under the clear and convincing standard, it is evident that it would also so conclude under the lower preponderance standard.

---

[1] The same day, and after Rekomdiv was decided and brought to the court and parties' attention shortly after lunch recess (simultaneously by the undersigned and defendant's attorney Arias), plaintiffs' counsel Efron raised for the first time in the proceedings the contention that the "dolo" standard was preponderance of the evidence. In doing so, he alluded to a September 12, 2011 case decided by Judge Casellas reaching an identical holding to the Rekomdiv opinion, as well as relying on the same Puerto Rico Supreme Court precedent.

However, should the jury not find the defendant committed "dolo", the court, following such verdict, shall ask the jury to consider separately whether it would find "dolo" under a preponderance standard.[2]  If the jury finds "dolo" under the preponderance standard, but not the clear and convincing standard, the court will not enter judgment in the plaintiffs' favor, however, will make such alternate judgment part of the record.  This is intended to, hopefully, obviate the need for a second trial, thus economize judicial resources, should the Circuit, on appeal, find the Rekomdiv standard indeed applied to this case.  Defendant, of course, will be allowed to lodge any necessary objections if this second jury deliberation takes place.

      3.  The court respectfully notes that it is not in agreement with the Rekomdiv analysis.  Defendant correctly notes the cases relied upon by the First Circuit for its evidentiary standard determination are not "dolo" cases.  Thus, the parties are advised that if the circumstances should so warrant (i.e., a finding of no liability under the clear and convincing standard, but one of liability under a preponderance standard), this court may certify the "dolo" matter to the Puerto Rico Supreme Court given its importance to all future "dolo" litigants in this jurisdiction.  Likewise, this court may certify the issue of whether the "dolo" standard, if preponderance of the evidence, would apply retroactively.

**SO ORDERED.**

    In San Juan, Puerto Rico this 29th day of September, 2011.

                                      *S/Gustavo A.Gelpí*
                                      GUSTAVO A. GELPI
                                      United States District Judge

---

[2] This will not be mentioned to the jry at any point prior to its initial deliberation.