IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE ESTATE OF ANGEL BERGANZO-COLON, et al.,<br>Plaintiffs,<br><br>v.<br><br>JOSHUA M. AMBUSH,<br>Defendant. | CIVIL NO. 10-1044 (GAG) |

**ORDER**

The Court has carefully reviewed defendant's Rule 50(b) or Rule 59 and 59(e) motion (Docket No. 240), as well as the subsequently filed opposition (Docket No. 247), reply (Docket No. 250) and surreply (Docket No. 251). Defendant's motion requesting Judgment as a matter of law and a new trial is **DENIED** in its entirety. The Court concludes that the jury verdict is not against the weight of the evidence, and that a reasonable jury weighing the evidence and making credibility determinations could unanimously issue the verdict reached herein. However, the motion is **GRANTED** as to the remittitur requested.

As to the denial of judgment as a matter of law or a new trial the court notes the following. First, the evidence was sufficient for a reasonable jury to conclude the existence of dolo (and all elements of said cause of action) by defendant Ambush, as per the Court's jury instructions. More so, here the Court instructed the jury using a much higher standard than that required for dolo actions, that is, under a "clear and convincing"standard. Second, defendant contends that a damages

award does not proceed in a "serious"dolo case.  The Court disagrees.  See Portugues-Santana v. Rekomdiv Intern., 657 F.3d 56 (1st Cir. 2011) (case in which jury found such dolo and awarded damages).  Third, the defendant alludes to inflammatory comments and improper conduct by attorney Efron.  The Court notes that it properly admonished attorney Efron whenever this occurred, and more so, gave the jury the corresponding contemporaneous instruction to remedy any such comments.  More so, these comments, in the Court's opinion, coupled with any contemporaneous and end of the case instructions to the jury, do not rise to the level that warrant a new trial.  Cf. Alvarado-Santos v. Dep't of Health, 619 F.3d 126, 135-36 (1st Cir. 2010).

Insofar as the request for a remittitur is concerned, the Court finds the same with merit.  Damages here were awarded solely for moral damages.  The Court finds the analogy in Franceschi v. Hosp. General San Carlos, Inc., 420 F.3d 1 (1st Cir. 2005) to be helpful here.  Defendant correctly summarizes the moral damages evidence at page 49 of his motion (Docket No. 240).  The Court agrees that the $100,000 awarded to each plaintiff for moral damages greatly exceeds any rational appraisal of the damages that could be based on the trial evidence of record.  Accordingly, the Court shall reduce the amount of moral damages as to each plaintiff to $5,000.  In the alternative, plaintiffs are given the opportunity of requesting a new trial.  Plaintiffs shall inform the court which option they choose **on or before January 27, 2012.**  An amended judgment or order for new trial shall issue immediately forthwith.

**SO ORDERED.**

In San Juan, Puerto Rico this 19th day of January, 2012.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge