IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE ESTATE OF ÁNGEL BERGANZO COLÓN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOSHUA M. AMBUSH,<br><br>Defendant. | CIVIL NO.: 10-1044 (GAG) |

**OPINION AND ORDER**

Judgment was entered in favor of plaintiffs on October 4, 2011, and was amended on January 27, 2012. D.E. 224, D.E. 256. On June 29, 2012, plaintiffs served on defendant a Notice of Deposition Duces Tecum in Aid of Execution for Joshua M. Ambush ("Notice of Deposition"). D.E. 296-1. At a discovery conference on September 4, 2012, defendant objected to Item Nos. 8C and 8D of the Notice of Deposition, alleging that certain monies or funds to which those items pertain are not garnishable. D.E. 291. The matter was held in abeyance pending the filing of briefs by the parties on the issue, which were timely filed. D.E. 295, D.E. 296.

Before the court therefore is a motion by defendant to quash Item Nos. 8C and 8D of the Notice of Deposition to the extent that they request documents pertaining to monies or funds held by the U.S. Department of Justice, the U.S. Department of State, or the Foreign Claims Settlement Commission.

**I.     SOVEREIGN IMMUNITY**

Defendant argues that he should not be compelled to produce the aforementioned documents because they are not subject to garnishment under principles of sovereign immunity. Defendant is correct. According to the D.C. Circuit in Flatow v. Islamic Republic of Iran, "[p]rinciples of sovereign immunity apply with equal force to attachments and garnishments." 74 F. Supp. 2d 18, 21 (D.D.C. 1999); see also Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 264 (1999) (noting that its holding was "in accord with our precedent establishing that sovereign immunity bars creditors from attaching or garnishing funds in the Treasury"). Simply by virtue of being "held in the U.S. Treasury," funds "remain the property of the United States," even if the funds are "set aside or 'earmarked' for a specific purpose." Flatow, 74 F. Supp. 2d at 21. Thus, funds held by the federal government[1] remain the property of the United States, not defendant, until "the government elects to pay them to whom they are owed." Id.

Plaintiffs simply state that Item No. 8C does not "target any such property that may fall under the sovereign immunity clause." D.E. 296 at 3. The crux of plaintiffs' response is that the funds under contention—including "monies and/or funds that … are to be paid to Defendant Ambush"[2]—are property of the defendant, not the government. Id. at 4. This reasoning is inconsistent with Flatow. The Flatow Court wrote that, as long as the fund "'remains in the hands of a disbursing officer, it is as much the money of the United States, as if it had not been drawn from the treasury.'" 74 F. Supp. 2d at 21 (quoting Buchanan v. Alexander, 45 U.S. (4

---

[1] Plaintiffs have provided no reason to distinguish the U.S. Department of Justice, the U.S. Department of State, and the Foreign Claims Settlement Commission from the U.S. Treasury for the purposes of determining whether a fund held by such an entity would be considered the property of the United States. Furthermore, the reasoning of Buchanan is not limited to the U.S. Treasury. See, e.g., Palmiter v. Action, Inc., 733 F.2d 1244, 1247 (7th Cir. 1984) (holding that funds in the account of an organization which manages federal funds and is subject to "pervasive federal supervision" are not garnishable).

[2] "[M]onies and/or funds that … have been paid" to defendant already would not be protected by sovereign immunity. See Walker Int'l Holdings Ltd. v. Republic of Congo, 395 F.3d 229, 232 (5th Cir. 2004) (holding Flatow sovereign immunity analysis to be inapplicable when a private corporation is the holder of the fund). Such items, however, are not within the scope of defendant's motion.

How.) 20, 20, 21 (1846)).  Even though defendant is "entitled to" the funds in question, they cannot "be considered a part of his effects."  Buchanan, 45 U.S. at 21.  Thus, assuming that defendant has standing to raise the issue of sovereign immunity, see infra Part II, the funds in question are protected against garnishment by principles of sovereign immunity.

## II.   DEFENDANT'S STANDING TO RAISE THE ISSUE OF SOVEREIGN IMMUNITY

Plaintiffs state that defendant has no standing to claim sovereign immunity.  D.E. 296 at 4.  The only support plaintiffs provide for this assertion is a citation to Walker Int'l Holdings Ltd. v. Republic of Congo, 395 F.3d 229 (5th Cir. 2004).  The only section in Walker discussing standing to raise sovereign immunity concludes that a foreign sovereign does not have the exclusive right to raise the issue of sovereign immunity under the FSIA.  395 F.3d at 233.  In other words, the third party was permitted to raise the issue in Walker.  Thus, plaintiff's assertion is unsupported.

## III.   CONCLUSION

Because defendant's arguments under Flatow, Buchanan, and Blue Fox are sufficient to demonstrate immunity from garnishment, there is no reason to address the arguments pertaining to the Libyan Claims Resolution Act and the text of 22 U.S.C. § 1626 itself.  In view of the foregoing, the defendant's motion to quash Item Nos. 8C and 8D of the Notice of Deposition to the extent that they request documents pertaining to monies or funds held by the U.S. Department of Justice, the U.S. Department of State, or the Foreign Claims Settlement Commission, because such monies or funds are not garnishable, is hereby GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of September, 2012.

s/Marcos E. López  
U.S. Magistrate Judge