**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**THE ESTATE OF ANGEL BERGANZO**

**COLON, et al.,**

**Plaintiffs,**

**v.**                                    **CIVIL NO. 10-1044 (GAG)**

**JOSHUA M. AMBUSH.**

**Defendant.**

## OPINION AND ORDER

        At the conclusion of the jury trial in this case, judgment was entered in Plaintiffs' favor on October 4, 2011.  (See Docket No. 224.)  The judgment was later amended on January 27, 2012. (See Docket No. 256.)  Plaintiffs' have attempted to execute the judgment numerous times, but have yet to perfect satisfaction of the judgment.  On June 29, 2012, Plaintiffs served Defendant with a Notice of Deposition Duces Tecum in Aid of Execution for Joshua M. Ambush.  (See Docket No. 296-1.)  Defendant objected to paragraphs 8(c) and 8(d) mainly due to the inability of Plaintiffs to garnish the specified funds.  (See Docket No. 291.)  After a hearing in front of Magistrate Judge Lopez, each party briefed the court on the issue.  (See Docket Nos. 295 & 296.)  Magistrate Judge Lopez ruled the funds sought by Plaintiffs were not garnishable.  (See Docket No. 300.)  Plaintiffs now appeal Magistrate Judge Lopez's ruling to this court pursuant to Federal Rule of Civil Procedure 72(a).  See FED.R.CIV.P. 72(a).  For the reasons set forth below, the court **DENIES** Plaintiffs' Appeal of the Magistrate Judges' Opinion and Order (Docket No. 303) and the court allows Defendant until October 12, 2012, to submit a memorandum in opposition to Plaintiffs' motion for post judgment discovery requiring Defendant's compliance with paragraphs 8(c) and 8(d) of the Notice of Deposition Duces Tecum.  (See 296-1.)

Civil No. 10-1044 (GAG)

**I.      Standard of Review**

Once a non-dispositive matter is referred to a magistrate judge, a party may appeal any ruling by the magistrate judge to the district judge.  Rule 72(a) states, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  FED.R.CIV.P. 72(a)  When applying a clearly erroneous standard, the district court judge shall extend deference towards the factual findings of the magistrate judge.  See West v. U.S., 631 F.3d 563, 570 (1st Cir. 2011).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  U.S. v. Newton, 326 F.3d 253, 257 (1st Cir. 2003) (citing Reich v. Newspapers of New England, Inc., 44 F.3d 1060, 1080 (1st Cir.1995)).

**II.     Discussion**

**A.      Appeal of Magistrate Judge's Order at Docket 303**

In their notice of deposition duces tecum, Plaintiffs seek:

> (c)  All documents related or referring to transfers of money or funds out of any litigation and/or account maintained by or on behalf of Joshua M. Ambush, including, but not limited to, any activity, transfer of funds or payments to and/or from the Department of Justice, the Department of State, including or being held for eventual distribution by the Court in the registry of Court for the United States District Court for the District of Columbia and/or for any other court, state or federal, where in Joshua M. Ambush may be party and maintains any litigation and/or account.  (d) All documents, which identify, describe or relate to all litigation where Joshua M. Ambush has an interest either in the past then (10) years, presently or in the future.

(Docket No. 296-1 ¶ 8(c) & 8(d).)  After holding a discovery conference and allowing briefings by the parties, the issue before the court was whether Plaintiffs had the ability to garnish the funds sought in paragraphs 8(c) and 8(d).  (See Docket No. 300.)  The opinion by Magistrate Judge Lopez held such funds were not garnishable by Plaintiffs due to sovereign immunity.  (See id.)  This decision is correct.  The precedent cited by Magistrate Judge Lopez, Plaintiffs, and Defendant clearly stand for the assertion that funds under the control of the United States may only be garnished or

**Civil No. 10-1044 (GAG)**

attached if the United States waives its sovereign immunity.  See Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 264 (1999) ("Our holding today is in accord with our precedent establishing that sovereign immunity bars creditors from attaching or garnishing funds in the Treasury."); Flatow v. Islamic Republic of Iran, 74 F. Supp. 2d 18, 21 (D. D.C. 1999) (holding party unable to attach funds held by U.S. Treasury).  Because the funds sought by Plaintiffs are currently held by the U.S. Treasury, sovereign immunity applies and Plaintiff cannot seek garnishment.  Therefore, the court **AFFIRMS** Magistrate Judge Lopez's opinion and order at Docket No. 300.

## B.      Motion for Post Judgment Discovery

Having had the benefit of further briefing by Plaintiffs, the court now understands Plaintiffs are seeking discovery pertaining to the possible disbursement of funds to Defendant.  (See Docket No. 303.)  This issue is different than the one ruled upon by Magistrate Judge Lopez because Plaintiffs are not actually seeking to garnish the funds held by the U.S. Treasury, rather they are seeking information regarding the potential future disbursement of said funds.  This information is useful to Plaintiffs in their attempt to satisfy the judgment issued against Defendant by this court. (Docket No. 256.)

Recent opinions by the Second and Seventh Circuits have discussed this issue in depth and have come to differing conclusions.  Compare EM Ltd. v. Republic of Argentina, 2012 WL 3553367, at *5-7 (2d Cir. Aug. 20, 2012) with, Rubin v. The Islamic Republic of Iran, 637 F.3d 783, 799-801 (7th Cir. 2011).[1]  The Seventh Circuit held in Rubin, that a party-creditor must identify a specific asset in which the party-creditor has an entitlement prior to allowing discovery against that asset.  See Rubin, 637 F.3d at 796.  Essentially, the Rubin court cautioned that when a foreign sovereignty is involved, a court cannot issue a blank check to discovery.  See id. (citing Autotech

---

[1] While the Second and the Seventh Circuit opinions were analyzing a party's rights under the Foreign Sovereign Immunities Act, as opposed to the Libyan Claims Resolution Act, the court notes the framework for the purposes of the current motion is the same.

**Civil No. 10-1044 (GAG)**

Techs. LP v. Integral Research & Dev. Corp., 499 F.3d 737, 750 (7th Cir. 2007)).  The Second Circuit in EM Ltd., held discovery was proper because the discovery was sought from a bank, rather than foreign sovereign and the party only sought discovery of assets, rather than attachment of those assets.  See Em Ltd., 2012 WL 3553367 at *5-7.

The court is conscious that it has *sua sponte* interpreted Plaintiffs appeal as a new motion seeking post judgment discovery.  This motion, however, was not fully briefed before Magistrate Judge Lopez.  As such, the court shall allow Defendant until Friday, October 12, 2012 to file a brief in opposition to this motion.  Said opposition may address substantive, as well as procedural grounds as to the propriety of the remedy now sought.

**III.    Conclusion**

For the reasons stated above, the court **AFFIRMS** Magistrate Judge Lopez's opinion and order at Docket No. 300 and allows Defendant until October 12, 2012 to file a brief in opposition to the post judgment discovery sought by Plaintiffs.

**SO ORDERED.**

In San Juan, Puerto Rico this 3rd day of October, 2012.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

4