IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE ESTATE OF ÁNGEL BERGANZO-COLÓN, et al, <br><br> Plaintiffs, <br><br> v. <br><br> JOSHUA M. AMBUSH, <br><br> Defendant. | CIVIL NO.: 10-1044 (GAG) |

OPINION AND ORDER

On March 8, 2013, plaintiffs filed a motion for post-judgment attorney fees pursuant to Rule 54(d)(A) and Local Rule 54(a).[1] ECF No. 321, at 1. Plaintiff's claim for attorney fees is based on Rule 30(g), which states that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition; or (2) serve a subpoena on a nonparty deponent, who consequently did not attend." Fed. R. Civ. P. 30(g); see also ECF No. 321, at 2. Plaintiffs request a total of $7,600 in attorney fees for two occasions in which their counsel, David Efron ("Efron"), attended scheduled depositions in which the deponent failed appear. Id. The first deposition was scheduled to take place on December 22, 2010 at the Law Offices of David Efron, P.C. in San Juan, Puerto Rico. The second was scheduled to take place on February 24, 2011 at the offices of Allen and Fortune, L.L.P., located

---

[1] Both of these rules relate to procedural matters regarding requests for costs and attorney's fees, and require other grounds entitling the movant to the award. Fed. R. Civ. P. 54(a)(A); Local Rule Civ. P. 54(a).

in New York.[2] Id. Pending before the court is plaintiffs' motion for attorney's fees and defendant Joshua M. Ambush's ("defendant") memorandum in opposition. ECF Nos. 321; 324.

On November 29, 2010, counsel for plaintiffs and defendant agreed to have defendant's deposition taken on December 22, 2010, in the Offices of David Efron, P.C. in San Juan. ECF No. 79-2. On December 7, 2010, defendant's counsel sent plaintiffs' counsel a letter requesting that the December 22, 2010 deposition be set aside until the court resolved a controversy regarding the identities of the parties represented by counsel Efron. ECF No. 324, at 2. On December 10, 2010, defendant filed a motion for a protective order quashing notice of his deposition scheduled for December 22, 2010. ECF No. 63. On March 4, 2011, the court entered an opinion and order granting defendant's request to quash the notice for taking defendant's deposition of December 22, 2010. ECF No. 95. In conclusion, defendant had valid reason not to attend the deposition scheduled for December 22, 2010, and Efron was on notice that defendant did not plan to attend the deposition. Defendant's motion for protective order was filed twelve days before the scheduled deposition, making plaintiffs' counsel aware, in a timely manner, that defendant would not voluntarily appear for his deposition. ECF No. 63. There was no reasonable basis for plaintiffs' counsel to expect the deposition to be taken, as required by Rule 30(g) for the recovery of attorney fees. Fed. R. Civ. P. 30(g). For the above cited reasons, plaintiffs' request for attorney fees for three hours of counsel Efron's attorney time on December 22, 2010 is denied.

On February 23, 2011, counsel Efron traveled to New York to attend the depositions of Dr. Michael Engleberg ("Dr. Engleberg") and Eliezer Perr in the offices of Allyn and Fortuna, L.L.P. scheduled for February 24, 2011. ECF No. 98, 321. Unknown to counsel Efron, Charles

---

[2] Plaintiff filed a motion for sanctions based on Rule 30(g) on March 8, 2011, related to the deposition scheduled for February 24, 2011. ECF No. 98. The motion for sanctions was denied initially on May 13, 2011, and upon reconsideration on August 7, 2011. ECF Nos. 125, 142.

R. Both ("Both"), the deponents' counsel, had canceled the depositions in a letter via e-mail to defendant's *pro hac vice* counsel, James E. Edwards ("Edwards"), sent on February 21, 2011 at 6:17 p.m. ECF No. 101, at 2; 98-2. February 21, 2011 was President's Day, a federal holiday on which both the federal court and counsel Edwards' law firm were closed. ECF No. 101, at 3. Edwards did not open the e-mail until after working hours on the evening of February 22, 2011. Id. He was unable to see Both's correspondence until that time, because he was travelling on the aforementioned holiday. Id. Additionally, counsel Both's letter to Edwards subject line read "Response to your letter of February 17, 2011." ECF No. 101, at 8. Edwards' letter to Both on February 17, 2011, dealt with an issue unrelated to Dr. Engleberg's and Eliezer Perr's depositions. Id. Therefore, the subject line of Both's letter to Edwards did not express that the contents were time-sensitive, or even suggest that its contents were related the upcoming depositions of Dr. Engleberg and Eliezer Perr. Id.

Based on the totality of the circumstances, it is reasonable that Edwards did not opt to open the e-mail until the evening of February 22, 2011. Furthermore, since the subpoenas for the depositions of Dr. Engleberg and Eliezer Perr were issued in the Eastern District of New York, Edwards was obliged to proceed in accordance with the said district's Local Rule 37.3(a). Local Rule 37.3(a) states that "[p]rior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P.37(a)(1)." Hence, Edwards was obliged to contact counsel Both in order to solve the dispute regarding Dr. Engleberg's and Eliezer Perr's refusal to attend their scheduled deposition. Local Rule 37.3(a); See ECF No. 101, at 8. Edwards contacted Both via telephone the following morning at 9:48 a.m. in an attempt to settle the conflict regarding said depositions. ECF No.

101, at 9. Both reaffirmed to Edwards that Dr. Engleberg and Eliezer Perr did not intend to attend their scheduled depositions. Id. Shortly after his telephone conversation with Both, Edwards sent an e-mail to Efron to inform him of the deposition's cancellation, but counsel Efron was already out of his office and en route to New York. ECF No. 98. The depositions of Dr. Engleberg and Eliezer Perr never took place. Although the court sympathizes with Efron's plight in having traveled to New York only to find out that the depositions had been cancelled, Edwards' actions were reasonable throughout given the timing and circumstances, and the court does not have jurisdiction to sanction Both based on the events that transpired.[3] Therefore, Efron's request for attorney's fees based on Rule 30(g) related to his trip to New York is once again denied.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of March, 2014.

s/Marcos E. López
U.S. Magistrate Judge

---

[3] Both is not a counsel of record in the case of caption, and his clients Dr. Engleberg and Eliezer Perr are not parties in the case. Furthermore, the court's power to subpoena individuals outside of a state only extends 100 miles from where the individuals reside, and thus would not have extended from Puerto Rico to New York. See Fed. R. Civ. P. 45. Lastly, in his motion for attorney's fees, plaintiff, as the moving party, has not brought anything to the court's attention to suggest that Dr. Engleberg or Eliezer Perr were individuals within the control of the parties in this case.